UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE | **FILED UNDER SEAL**<br><br>Case No.: 5:22-MJ-5290 |

## APPLICATION

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123 that authorizes the installation and use of a pen register and a trap and trace device ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Yahoo email account described in Attachment A. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be

obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the FBI.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. § 1030 (Fraud and Related Activity in Connection with Computers) by unknown individuals being conducted by the FBI.

6. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(1). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from

which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. Yahoo is a United States company that is the provider of an electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, it allows subscribers to acquire and use email accounts, like the email account(s) listed in Attachment A, through which subscribers can exchange email messages with others. Yahoo subscribers must use an Internet-connected device, such as a smartphone or laptop computer, to communicate with Yahoo server(s) in order to send and receive email messages via their email accounts.

11. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a laptop or smartphone) requests information from a second device (such as Yahoo servers hosting data relating to the subscriber's email account), the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is

analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the online identity of the communicating device without revealing the communication's content.

12. An email message has its own routing header, in addition to the source and destination information associated with all Internet data. The header of an email typically reveals the route the email took from its source to its destination, including the IP addresses of computers that were used to transmit the email. The email header also includes the message's source and destination(s), expressed as email addresses in "From," "To," "CC" (carbon copy), or "BCC" (blind carbon copy) fields. Multiple destination addresses may be specified in the "To," "CC," and "BCC" fields. The email addresses in an email's message header are like the telephone numbers of both incoming and outgoing calls, because they indicate both origin and destination(s). This information can be recorded by a pen/trap device and can be used to identify the routing of a communication and the parties to a communication without revealing the communication's contents.

13. On May 3, 2022, an emergency services dispatch center located in the Eastern District of Kentucky was alerted to suspicious activity on their computer network. This suspicious activity was determined to be a ransomware attack in progress. An employee of Victim 1 logged onto a computer on the network and observed files actively being encrypted, along with an image containing a message that instructed them to contact delta.key@aol.com.

14. The victim emailed DELTA.KEY@aol.com, and the actor advised they would be able to decrypt all of the files in exchange for $8,000.00 worth of bitcoin. There is no known method to decrypt a ransomware victim's data without obtaining decryption keys, and the only way to recover any encrypted data is to pay the ransom. As a result of the encryption, the victim's computer aided dispatch (CAD) was taken offline, hindering the effective dispatch and response of emergency services. The victim's cyber insurance provider paid the ransom on June 2, 2022.

15. This ransomware variant has been named Delta Ransomware. Since learning about the referenced attack, the FBI has either directly or indirectly communicated with, or received information from four additional Delta victims across the United States. One victim, who paid a $5,000 ransom, was also instructed to contact DELTA.KEY@aol.com. A third victim was instructed to contact PRIVATE.PARTNER76@protonmail.com and PRIVATE.PARTNER@tutanota.com. PRIVATE.PARTNER@tutanota.com was discovered through legal process to be the recovery email address for DELTA.KEY@aol.com. The final two victims were instructed to contact email addresses that are not controlled by Yahoo and have not been able to be linked to the referenced addresses.

16. A preservation request for email address DELTA.KEY@aol.com was sent to Yahoo on May 4, 2022, and was assigned reference number 518803. In general, an email that is sent to a Yahoo subscriber is stored in the subscriber's "mailbox" on Yahoo servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on Yahoo servers indefinitely. On July 25, 2022, the

5

FBI obtained a search warrant for all data and content pertaining to DELTA.KEY@aol.com since the account's creation in May 2021. Yahoo returned the requested information to the FBI on August 4, 2022, but there were zero messages contained in the returned data. The FBI has firsthand knowledge of the communications between at least one victim and DELTA.KEY@aol.com. It is reasonable to believe the actors have been deleting all messages once they were received or sent.

17. Login records provided by Yahoo indicate that the actors have been accessing the account at least up until the search warrant was served. It is reasonable to believe the account is still being accessed by the actors.

18. The conduct being investigated involves use of the email account described in Attachment A (DELTA.KEY@aol.com). To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the email account.

19. The pen/trap devices sought to be installed and used pursuant to the order resulting from this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the email account described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses used in conjunction with the communication, including IP addresses associated with access to the account;

- Email message headers, including the source and destination network addresses, as well as the routes of transmission and size of the messages, but not content located in headers, such as subject lines; and

- the number and size of any attachments to the email message.

## GOVERNMENT REQUESTS

20. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen/trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the email account described in Attachment A, to include the date, time, and duration of the communication, IP addresses, and email message headers, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

21. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

22. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Yahoo and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the

FBI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

23.  The United States further requests that the Court order Yahoo and any other person or entity whose assistance may facilitate execution of this Order to provide such necessary information, facilities, and technical assistance so that the FBI begins to receive the information as soon as reasonably possible after service of the Order upon Yahoo.

24.  The United States further requests that the Court order Yahoo and any other person or entity whose assistance may facilitate execution of this Order to provide prior notice to the applicant and the FBI before terminating or changing service to the email account(s).

25.  The United States further requests that the Court order that the FBI and the applicant have access to the information collected by the pen/trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

26.  The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Yahoo and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap devices, or this investigation, unless and until authorized by this Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

27. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

28. The foregoing is based on information provided to me in my official capacity by agents of the FBI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __August 17, 2022__.

_____
Andrew T. Boone
Andrew T. Boone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4841
FAX (859) 233-2747
andrew.boone2@usdoj.gov

Transmitted by email and attested to by the applicant by reliable electronic means, specifically, telephone, in accordance with Fed. R. Crim. P. 4.1, this the 17th day of August, 2022.

_____
United States Magistrate Judge

9